**Derrick BROWN, Appellant**

v.

**B.A. BLEDSOE; Harvey Lappin, F.B.O.P. Director; Designation & Sentence Computation, DSCC; United States of America; Barack Obama, U.S. President; Eric H. Holder, Jr., U.S. Attorney General.**

**No. 09–4487.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and

I.O.P. 10.6 and Consideration of Whether a Certificate of Appealability is Required Jan. 29, 2010.

Opinion Filed: Feb. 22, 2010.

---

Derrick Brown, Lewisburg, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty. Scranton, Office of United States Attorney, Scranton, PA, for B.A. Bledsoe; Harvey Lappin, F.B.O.P. Director; Designation & Sentence Computation, DSCC; United States of America; Barack Obama, U.S. President; Eric H. Holder, Jr., U.S. Attorney General.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

In July 2009, Derrick Brown, a federal inmate housed in Pennsylvania, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania seeking to challenge a conviction and sentence imposed in 2008 in the United States District Court for the Western District of Tennessee. Noting that Brown had yet to seek collateral review under 28 U.S.C. § 2255, and that his time in which to do so had not yet expired, the District Court concluded that § 2255 is not "inadequate or ineffective" to test the legality of Brown's detention, and thus it dismissed the § 2241 petition notwithstanding Brown's various claims of "actual innocence." Brown timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal presents "no substantial question," 3d Cir. IOP Ch. 10 .6, we will summarily affirm the District Court's judgment.[1]

Section 2241 is unavailable to Brown to challenge his federal conviction and sentence unless a § 2255 motion would be "inadequate or ineffective." Because Brown concedes that he had yet to pursue § 2255 relief at the time he filed his § 2241 petition,[2] he plainly cannot show that § 2255 is inadequate or ineffective. Relief, if any, on Brown's claims must first be sought under § 2255 in the sentencing court. Further, as the District Court fully explained, Brown's assertions of "actual innocence" do not render § 2255 inadequate or ineffective. Brown simply is not in the "unusual position ... of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997).

The District Court's judgment will be affirmed.

---

1. To the extent that Brown needs a certificate of appealability to pursue this appeal, it is denied. Reasonable jurists could not debate the District Court's decision to dismiss Brown's petition. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

2. The record indicates that Brown's direct appeal proceedings remained pending at the time he filed the § 2241 petition.